This is an appeal from a decree of the orphans court of Essex county admitting to probate the last will and testament of Eliza C. Bishop, dated December 9th, 1914, and a codicil thereto, dated July 12th, 1919. Mrs. Bishop died April 19th, 1922, aged eighty-five, a widow and childless. Her only relative was a grandniece, the caviatrix. She left an estate of approximately $70,000. The will contains twenty-four items of pecuniary and specific gifts to her grandniece, friends and charitable institutions, aggregating approximately $25,000, and the residue to J. Henry Harrison, who is appointed executor. The codicil revokes certain gifts and substitutes other legatees, one being the grandniece.
The ground of contest in the orphans court was the alleged incompetence of the testatrix, at least, all the testimony was directed to that question, and the trial judge (Judge Caffrey), in his opinion, holding that the testatrix was competent, observed that "there was no suggestion of undue influence at the hearings, nor is there any evidence that would justify such a contention."
After carefully reading the evidence, I am of the opinion that it does not establish that the testatrix was incompetent to make the will and codicil. I concur in the view entertained by the trial judge that she possessed testamentary capacity, and for the reasons expressed by him in his opinion reported in 2 N.J. Mis.R. 521.
At the hearing on the appeal counsel for caviatrix, as well, attacked the will on the ground of constructive undue influence, claiming that the relation of attorney and client existed between the testatrix and the residuary beneficiary, and that he counseled her in the making of the will, and contending *Page 597 
that from these circumstances arise a presumption of undue influence which has not been refuted.
The relation of attorney and client is admitted. To prove that the residuary beneficiary participated in the making of the will, the caviatrix offered in evidence on rebuttal in the court below an envelope and contents found by her after the death of the testatrix in her bureau drawer. They were marked for identification as 16, 17 and 18, but were rejected as evidence, and, I think, correctly, for want of proper proof, and because irrelevant and immaterial to the issue of incompetence. They were offered on appeal and admitted in evidence, but not until after they were established by the testimony of the residuary beneficiary in his explanation of them. Exhibit 16, the envelope, is endorsed in typewriting "last will and testament of Eliza C. Bishop." Exhibit 17 is, apparently, a rough typewritten draft of the pencil notes of Mr. Church, the draftsman of the will, and Exhibit 18 is, obviously, a rough typewritten draft of the will, with a blank space in the residuary clause for the name of the beneficiary. Exhibit 18
bears corrections in the handwriting of the residuary beneficiary in a number of places. In the second item, gift to Anna Wolf, there is interpolated "and her lawful issue her surviving." In the fourth item, gift to Rebecca F. Metcalf of glassware "the cut," is prefixed to glassware. In the twenty-first item, gift to my faithful servant, William F. Jones, the amount is changed from "two" to "three" thousand dollars. (The change is duplicated in the handwriting of testatrix.) And in the margin is "and three pictures to be selected by him," evidently an addition to the nineteenth item, giving J.H. Harrison the "engravings `At School' and the `Last Supper.'" The draft also contains many lead pencil alterations and additions in an unidentified handwriting. The will was prepared by Mr. Church, of the law firm of Munn 
Church, of which the residuary beneficiary was a member, from instructions given him by the testatrix and of which he took lead pencil notes. Mr. Church asserts that the residuary beneficiary had nothing whatever to do with the drawing of the will, and Mr. Harrison has no independent *Page 598 
recollection of having conferred with him or with the testatrix in relation to it, he admitting, however, that he may have been in consultation with his partner in its preparation, and that he may have talked about the matter with the testatrix. These tell-tale corrections, it seems to me, admit of no other rational conclusion that they were made by Mr. Harrison at the instance of the testatrix, in consultation over her will and in confidence as her attorney.
An attorney who draws or actively participates in the making of his client's will, by which he substantially benefits, has the burden cast upon him of establishing that it was not the result of undue influence. In re Cooper Will, 75 N.J. Eq. 177. The law requires an honest and satisfactory explanation of the circumstances that raise the presumption of undue influence to overcome it. That, Mr. Harrison has given as well as can be given by a busy lawyer after a lapse of eight years and more. His only connection with the making of the will, so far as shown, is reflected in his handwriting on the rough draft, Exhibit 18.
The source from, or circumstances under, which he obtained the data has escaped his memory — whether they came from Mr. Church or directly from Mrs. Bishop he is unable to recall — but he does say that apart from these implicating circumstances he had no hand whatever in the making of the will; that he did not advise the testatrix, offered no suggestion to her concerning it; that he did not know who was the residuary legatee until after her death, and positively and emphatically denies that he in any manner whatever influenced the testamentary disposition. That he did not know he was to be the residuary legatee is borne out, in a measure, by the fact that in the rough draft of the will the residuary legatee is not mentioned. His protest of absolute good faith towards his client, and his denial of imposition upon her, cannot be doubted or disregarded. His excellent character and his well-earned reputation in the community and at the bar, as an upright, honest citizen and lawyer, are sturdy vouchers that his testimony is truthful and believable. He has candidly and satisfactorily explained all that is susceptible of explanation, *Page 599 
and more than that the law does not demand. What motivated the testatrix in her benefaction, other than her loyalty to him and friendship towards him of many years, was her secret, not his. Her preference of him to her grandniece was her privilege, and the privilege is not to be denied, when capably exercised, free from unlawful influence, because the preferment may be unconventional or disappointing to a remote relative. While courts are keen to guard testatmentary disposition against imposition, they are no less anxious to sustain them when lawfully made.
 The decree below will be affirmed. *Page 600 
[EDITORS' NOTE: THIS PAGE IS BLANK.] *Page 601