This is an appeal from the orphans court of Union County, sustaining the surrogate of that county in admitting to probate the will of Julia Pratt Babcock.
The will disposes of about $400,000, the major part of which is given to charity, but there are individual bequests amounting to $25,100, to certain legatees. The will was drawn by Clarence D. Meyer, a lawyer of unquestioned standing and a lifelong friend and legal adviser of the testatrix and of her husband. *Page 229 
The matter was tried in the orphans court and the sole question pressed by contestants was that of undue influence. It should be noted that the contestants had lived in California for a long number of years; that they had no relations whatsoever with the testatrix, and she, as witnesses testified, had no interest in them. They did not appear personally in the case.
When the matter came before me, I granted permission to take additional testimony. Mr. Meyer, the lawyer who drew the will and who is named as executor, was called by counsel for the contestants and vigorously examined. His testimony before me did not disclose anything on which this court could base a conclusion of undue influence, but counsel for the contestants insisted that his testimony in the court below so indicated. Their complaint is that undue influence is shown on account of certain provisions made for him by the will, as follows:
Clause 7. "Seventh. I wish to allow and the residuary legatees will permit my executor, trustee and guardian under this will, whom I request to accept, full compensation for his services as attorney and counsel. He shall also be permitted to receive his commission to the utmost five per cent. allowed by law and the amounts fixed and stated in his accountings shall be permitted upon the final settlement of my estate."
Item 4 of the third codicil:
"In all other respects I reaffirm my will and codicils thereto and my executor and trustee shall be given ample time in which to sell or dispose of my estate real, personal or mixed, including the stocks and bonds for the best interest of the estate to enable him to comply with my wishes the same as if I were acting therein."
The only other provision made in behalf of Meyer is a legacy in a codicil which says "* * * my friend Clarence D. Meyer shall receive whatever household furniture, including the Duncan-Phyfe chairs, and other chattels he wishes to select in remembrance of me." The chairs are valued at $100 each.
Counsel for the contestants insist that this amounts to a substantial benefit and casts the burden upon Meyer of establishing *Page 230 
that the will was not the result of undue influence. I do not so understand it. In re Bishop, 96 N.J. Eq. 595, is a case where the attorney was the residuary legatee. In re Cooper, 75 N.J. Eq. 177,
the lawyer, who prepared the will, was the residuary legatee. The cases, therefore, holding that one who is substantially benefited has the burden cast upon him of establishing that the will was not the result of undue influence, are those in which the lawyer received the entire residuary estate. In this case the lawyer received nothing except some chairs and "chattels" which he might select. I think the contention of contestants' counsel that the word "chattels" might be made to apply to all the stocks and bonds of the estate is stretching the meaning too far. It seems perfectly clear that the testatrix, as a lifelong friend of Mr. Meyer, meant that he should have what articles of household furniture he might select, and that is all.
As to clause 7, in which Meyer is permitted to accept in full commission, great stress is laid upon the fact that "five per cent." was written in different colored ink from the rest of the paragraph. It should be noted, however, that these words do not in any way change the meaning of the paragraph. If they were entirely omitted, the same result would be obtained because if the five per cent. were stricken out it would read: "He shall also be permitted to receive his commissions to the utmost
allowed by law * * *." That is, under the statute, five per cent.
As to the third codicil in which Meyer is given ample time in which to sell and dispose of the estate, I see nothing unusual about it. He has, under out law, one year in which to pay the legacies and the testatrix evidently intended that he should have that full time in which to settle the estate. If he attempted to give himself any greater length of time, the legatees could apply to the court to compel him to make settlement.
The last clause in clause 7, "* * * and the amounts fixed and stated in his accountings shall be permitted upon the final settlement of my estate," is also complained of, but I see no substantial benefit accruing to Meyer from this because *Page 231 
the legatees could object to the accounts and the court could rule on the matter as seemed to it reasonable and proper. Mr. Meyer was in no way interested in the beneficiaries, who are the residuary legatees, nor was he interested in any of the persons who are to receive specific legacies.
I cannot, under these facts, see how it can be said that he substantially benefited within the meaning of the cases I have cited. Therefore, I shall find that no burden was cast upon him to rebut undue influence. His testimony before me was a clear refutation of any undue influence. The testitimony before the orphans court was, perhaps more confused and uncertain as to the meaning of the clauses to which I have referred, but that would seem to indicate, perhaps, the need of a construction of these clauses and does not go to the point of establishing undue influence. Mr. Meyer was the only witness called by contestants, who made him thereby their own and of course are bound by what he says. It seems to me that, if as alleged, Mr. Meyer had such a strong influence over this testatrix, he would have exerted it to obtain a much larger benefit for himself and would not have allowed a residuary estate of nearly $400,000 to escape him. The legal presumption is always in favor of a will and one who contests its validity on the ground of undue influence must establish it clearly. In re Craft's Estate, 85 N.J. Eq. 125; Inre Merkel, 4 N.J. Mis. R. 656.
It has been suggested that the provision for Mr. Meyer might be set aside and the rest of the will sustained. I cannot see how the contestants can press this point because it would not inure in any way to their interest. If Mr. Meyer were removed as executor, and his modest bequest denied him, it would inure to the residuary legatees and not to the contestants.
I shall, therefore, advise a decree dismissing the appeal and sustaining the order of the orphans court of Union county. *Page 232