In the matter of the probate of the last will and testament of JOHN STRANG, deceased.

[Submitted May term, 1931.   Decided February 1st, 1932.]

*Mr. Gaetano M. Belfatto,* for the appellant.

*Messrs. Forlenza & Harrington,* for the respondents.

The opinion of the court was delivered by

WELLS, J.

This is an appeal from a decree of the New Jersey prerogative court dismissing the appeal from the decree of the

orphans court of the county of Essex, affirming the order of the surrogate of that county, admitting to probate a paper-writing purporting to be the last will and testament of John Strang, deceased.

Strang, a farmer, eight-seven years of age, died on February 12th, 1930. He left him surviving two elderly sisters, the appellant, Caroline Strang Reid, and Sarah Strang Skinner, the latter of whom died about five months after the death of the testator, leaving four children.

Under the will, which was executed November 24th, 1919, the sister, Caroline, was bequeathed $100, the sister, Sarah, $300, and the residue of the estate was given and devised to Lydia Kaysel and Edward J. Kaysel, her husband, neither of whom were related to John Strang, and the Kaysels were appointed the executors of the will.

The surrogate, on February 14th, 1930, admitted this will to probate and the sister, Caroline Strang Reid, appealed to the orphans court of the county of Essex, from the order of the surrogate, admitting the will to probate on three grounds:

First, that John Strang was of unsound mind and incapable of disposing of his estate by will.

Second, that Mr. and Mrs. Kaysel unduly influenced Strang to make the will.

Third, that the will was illegally executed.

The orphans court dismissed this appeal and affirmed the order of the surrogate. An appeal was taken from the decree of the orphans court to the prerogative court on substantially the same grounds set forth in the appeal to the orphans court, with the addition of another ground of appeal that the counsel fee allowed by the orphans court to the proctors for the proponents of the will was excessive.

The appeal came up for hearing before the Honorable Alonzo Church, vice-ordinary, who declined to hear any evidence and directed the proctors for the respective parties to file briefs, and in due course, the vice-ordinary filed an opinion, dismissing the appeal.

It is from that part of the final decree, admitting to pro-

bate the will of the said John Strang, that Caroline Strang Reid now appeals to this court.

Our examination of the record fails to disclose any objection made by the appellant to the due and legal execution of the will of John Strang, nor is there any testimony whatever which would tend to show the state of mind of said John Strang at the time of the making of his will.

This court has held that "the point of time at which the testamentary capacity is tested is that of the execution of the will; the antecedent and subsequent condition of a testator being chiefly important as bearing upon that epoch, and of no importance where the evidence of capacity at such time is convincing." *In re Buckman's Will, 80 N. J. Eq. 556.*

The appellant bases her appeal mainly upon the ground that the mind of the said testator was unduly influenced by the proponents of the will.

There is set forth in the appeal, although it is not argued in appellant's brief, another ground for reversal, namely, that the vice-ordinary refused to hear additional testimony and affirmed the orphans court upon the record made there.

The only two questions properly before this court are the propriety of the vice-ordinary in refusing to hear testimony and the question of whether or not the decree affirming the orphans court is in accord with the evidence.

Mention is made in the appellant's brief of the improper rejection of certain evidence in the orphans court. No argument, however, is offered and no complaint was made of this action in the petition of appeal to the prerogative court, nor in the petition of appeal to this court.

We have examined the record, however, to ascertain whether the judge of the orphans court improperly admitted or rejected testimony as alleged by counsel for appellant and we are of the opinion that there was no error made by said judge in this respect. Furthermore, we find no error in the refusal of the vice-ordinary to take testimony in addition to the testimony presented in the orphans court.

It was in the discretion of the prerogative court to decide

the matter upon the evidence presented in the court below or to take additional proofs. *Rusling* v. *Rusling, 36 N. J. Eq. 603; Sanderson* v. *Sanderson, 52 N. J. Eq. 243; Kayhart* v. *Whitehead, 77 N. J. Eq. 12.*

The appellant produced insufficient testimony to warrant a finding by the orphans court that undue influence had been exercised over the testator at the time of the execution of the will.

The testimony showed that the appellant and the children of a deceased sister of the testator frequently visited the testator during his lifetime and performed domestic duties for him and that he had given one or more of them to understand that he did not intend to leave a will and that he had stated at one time in the year 1919, that Mrs. Kaysel was bothering him and trying to get him to make a will, and that on another occasion, that Mrs. Kaysel would not let the relatives see the testator, and that on still another occasion the appellant found testator and Mrs. Kaysel drinking together.

Mrs. Kaysel very frankly stated that she had been on very friendly terms with the testator, visiting him almost daily and that when she did not call on him, he would come to her home and see if anything was wrong. She further stated that she knew nothing about the existence of the will until the year 1925, when during an illness of several weeks' duration, testator was taken to the home of the Kaysels and cared for by them and while there at that time, he asked her to take charge of the will for him.

"The influence which is said by law to be undue, and therefore to vitiate a will, must amount to moral or physical coercion, which destroys the free agency and constrains its subject, to do that, which, but for it, he would not have done." *In re Buckman's Will, supra; In re Johnson's Will, 80 N. J. Eq. 525.*

While the circumstance of this man (who was more than seventy-one years of age at the time he made his will, and eighty-seven when he died), leaving his estate to a man and his wife of no blood relationship, and bequeathing only a

small sum to his sisters, the natural objects of his bounty, with whom he was on friendly terms, may be suspicious, yet we fail to see anything in the testimony which would warrant a finding that the will was the result of undue influence.

In the absence of fraud or imposition of undue influence, the court will not speculate as to the probable motives of the testator.

The burden of proving fraud or undue influence is upon those who assert it. The Kaysels did not live with the testator nor did they have him in their custody, nor is there any proof that they in any way dominated him. He was frequently visited by his relatives and others and had free access to them and continued to be active in the management of his business affairs, and the presumption of the law is in favor of his capacity.

We therefore conclude that the decree below should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ.   15.

*For reversal*—None.