In the matter of the appeal from the decree of the Prerogative Court admitting to probate a certain paper-writing as the last will and testament of JOHN LAZZATI, deceased.

[Submitted October term, 1941.  Decided January 9th, 1942.]

Mr. Joseph Greenberg, for the appellant.

Messrs. Schumann & Schumann (Mr. Emil W. A. Schumann, of counsel), for the respondent.

The opinion of the court was delivered by

PORTER, J.

This appeal is from an order of the Prerogative Court advised by Vice-Ordinary Fielder in admitting to probate a will of John Lazzati who died February 2d, 1941.

The will is dated August 29th, 1936.  A caveat against admitting its probate was filed with the surrogate of Hudson County, on petition of the executor named in the will the proceedings were removed to the Prerogative Court.

The will was challenged below on three grounds: that it was not executed properly; that the testator was not of sound mind, memory and understanding, and that it was the product of undue influence. The only ground urged on this appeal is that it was not executed in accordance with the statute *N. J. S. A. 3:2-3.*

It seems that the testator was a customer of The Trust Company of New Jersey (hereinafter called the Trust Company) and rented a safe deposit box from it; that he called at its office and requested that his will be drawn. It does not clearly appear with whom the arrangements were made. The will was drafted by E. W. A. Schumann, an attorney who acted for the Trust Company frequently in such matters. His testimony was that he had not known testator and had done no work for him before or since. He had no recollection whatever of the circumstance of drawing this will nor of its execution but testified that the will had been drafted, witnessed and dated by him. The only other witness to the execution of the will was an employee of the Trust Company who had known testator for a number of years and who recalled the circumstance of his calling and requesting that the will be drawn and that a short time thereafter he was called into the front office of the bank where testator and the attorney were and where the will was executed and witnessed. This witness testified that testator declared it to be his last will and requested that he and the attorney witness his signature and that all three signatures were made in each other's presence, at the same time. This witness was subjected to a most minute cross-examination as to the details of the execution. He admitted that because of the lapse of time, over five years, his recollection was not clear as to all the details and he contradicted himself in several respects. The contradiction which appellants mainly rely on is whether or not testator declared the will to be his *last* will. He testified both ways as to that. It was for the trial court to evaluate the testimony. He had the opportunity to judge it as it was given and especially in view of his own rather extensive questioning.

Appellant contends that the court erred in admitting the will to probate because the evidence does not establish that the testator requested the witnesses to act as such and that he failed to declare it to be his last will. In other words, that the evidence given by the attesting witnesses rebutted the presumption of due execution raised by the attestation clause.

The attestation clause admittedly purports to show that there was complete compliance with the statute, *N. J. S. A. 3:2-3*. The will was in writing, signed by the testator and by two witnesses and attested that all signed in the presence of each other and the witnesses at the request of testator who declared it to be his last will. The presumption is that the attestation clause correctly records what actually took place and is *prima facie* evidence of the facts stated therein and cannot be overcome because of lack of recollection of the witnesses to the will. *Allaire* v. *Allaire, 37 N. J. Law 312* (at *p. 325*); *Mundy* v. *Mundy, 15 N. J. Eq. 290* (at *p. 293*); *Tappen* v. *Davidson, 27 N. J. Eq. 459* (at *p. 461*). Where there is a perfect attestation clause a will should not be denied probate without the strongest evidence to rebut the presumption of validity of which the attestation clause is a most important element of proof. *Tappen* v. *Davidson, supra.*

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.

*For reversal*—None.