In the matter of the appeal from an order of Warren County Orphans Court denying probate to the last will and testament of EDWARD NIXON, deceased.

WILLIAM NIXON, appellant,

*v.*

FRANCIS L. THOMPSON and JEANNE LOMMASON, appellees.

[Argued October 24th, 1944.   Decided February 2d, 1945.]

*Mr. Lewis S. Beers,* for the appellant.

*Messrs. Herr & Fisher* and *Mr. Wesley L. Lance* (*Mr. Edward J. O'Mara,* of counsel), for the appellees.

The opinion of the court was delivered by

Brogan, Chief-Justice.

The decree of the Prerogative Court, now under review, reinstated to probate the will of Edward Nixon. The Warren County Orphans Court denied probate on the ground that the instrument was vitiated by undue influence. The matter came before the Orphans Court on the petition of appeal of William Nixon, a brother of the decedent, who charged that the will was the product of undue influence on the part of Francis L. Thompson, the testator's lawyer, who drafted the will. Previously the will had been admitted to probate by the surrogate of Warren County upon *ex parte* proof of due execution. The Orphans Court reversed the order for probate holding that the "proponent (Thompson) had not by credible and convincing testimony overcome the presumption of undue influence placed upon him by the circumstances surrounding the drawing and execution of the said paper-writing purporting to be the last will and testament of the said Edward Nixon, deceased."

On appeal to the Prerogative Court the learned Vice-Ordinary reversed the Warren County Orphans Court, exonerated Mr. Thompson, and determined that the will was the uninfluenced act of the testator. (See *In the matter of the last will and testament of Edward Nixon, deceased, 135 N. J. Eq. 117.*) The facts of this case have had full exposition in the opinion of the Prerogative Court, *supra,* and need not be repeated here.

When the matter was heard in the Orphans Court, and later was argued on appeal in the Prerogative Court, the contestant attempted to show undue influence out of the fact that Thompson, the draftsman of the will, benefited by its provisions to the extent of a bequest of $2,500, while his secretary, Miss Lommason, received a legacy of $750. Mr. Thompson was also named as executor of the will. The value of the entire estate was $65,000.

The burden of proving undue influence is upon him who asserts it. Undue influence is never presumed. It may be established by direct evidence—although the manifest difficulty in this direction is bound to make such cases rare—or the testimony must establish facts and circumstances from which the inference of undue influence arises. The bare fact that a beneficiary under a will occupied a position of trust and confidence to the testator creates no presumption of undue influence (*Wheeler* v. *Whipple, 44 N. J. Eq. 141; affirmed, 45 N. J. Eq. 367; Loveridge* v. *Brown, 98 N. J. Eq. 381, 388*); even when such beneficiary actively participates in drawing the will. *Bennett* v. *Bennett, 50 N. J. Eq. 489; Ward* v. *Harrison, 97 N. J. Eq. 309, 314* (but compare *In re Bartles, 127 N. J. Eq. 472*). There are some cases in our reports, however, which seem to hold that the mere existence of such relationship places the burden of proving that the will was the free act of the testator upon the proponent. See *In re Davis' Will, 73 N. J. Eq. 617; In re Banvard's Estate, 83 N. J. Eq. 286; affirmed, Id. 694;* but this is not the true rule and these cases, as well as any others, enunciating such rule (*e. g., In re Bishop, 96 N. J. Eq. 595*) are disapproved in this particular.

We think that the true rule was stated in our opinion in *In re Neuman, 133 N. J. Eq. 532.* This rule, reiterated by this court during the present term (see *In re Heim, 136 N. J. Eq. 138*) is that the mere existence of a confidential relationship between testator and beneficiary does not create a presumption of undue influence but that some additional fact and circumstance in support of fraud or undue influence must be proved in order to impose this burden of proof upon the beneficiary. It should not be overlooked that those occupying a confidential relationship to a testator will oftentimes be benefited in his will and that such relationship, when it is genuine and sincere, raises no implication of fraud or undue influence. To be undue the influence must be such as to destroy the free agency of the person over whom it is exerted. *Turner* v. *Cheesman, 15 N. J. Eq. 243, 265.* As we pointed out in the *Neuman Case, supra,* what constitutes undue influence can never be precisely defined. Each case must be judged

according to the facts and circumstances attending the situation and the conduct of those who participated in order to determine the fact issue of whether coercion was exercised.

In this case we do not perceive a shred of evidence to justify the charge that Mr. Thompson or his secretary, Miss Lommason, unduly influenced the testator. No proof in the case supports the inference that these beneficiaries exercised the least control over the acts of the testator or that Mr. Thompson's conduct in this matter was other than fair and unobjectionable.

By the ancient civil law (the Roman law) a will prepared by a draftsman in favor of himself was void (*Bennett* v. *Bennett, supra; Jarman on Wills* *36 note*). Our law or that of England never went to that extent. If such was made our rule by statute it would have much to recommend it. Invariably it happens that when attorneys draw wills for clients, in which they write down themselves or their families as beneficiaries, they leave themselves open to the suspicion of having exercised improper influence over the testator under the cover of the trust and confidence which the average client reposes in his attorney. When such a situation arises—where a testator wishes to make his attorney the beneficiary—ordinary prudence requires that such will be drawn by some other lawyer of the testator's choosing. Suspicion of improper influence may thus be avoided (compare *Matter of Putnam, 257 N. Y. 140,* and cases cited).

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, PERSKIE, PORTER, WELLS, RAFFERTY, THOMPSON, DILL, JJ. 9.

*For reversal*—CASE, COLIE, JJ. 2.