## IN THE MATTER OF THE ESTATE OF MORRIS ALPER, DECEASED.

Argued March 14, 1949—Decided April 25, 1949.

*Mr. Milton M. Unger* (*Messrs. Milton M. & Adrian M. Unger,* attorneys) argued the cause for the appellant Goldye A. Shapiro.

*Mr. Meyer E. Ruback* (*Mr. Joseph A. Weisman,* on the brief; *Messrs. Ruback & Albach,* attorneys) argued the cause for the respondent Theresa Alper.

Per Curiam. The decree of the former Prerogative Court is affirmed, and generally for the reasons stated in the opinion

of the learned Vice-Ordinary. The proofs do not establish the charge that the paper writing purporting to be the decedent's last will and testament was the product of undue influence.

We express no opinion as to the admissibility of declarations allegedly made by one of the subscribing witnesses since deceased which, in the view of appellant, "indicated that pressure was brought to bear on the decedent when the will was executed." See *Whitemack v. Stryker,* 2 *N. J. Eq.* 8 (*Prerog. Ct.* 1838); *Turner v. Cheesman,* 15 *N. J. Eq.* 243 (*Prerog. Ct.* 1857); *Reformed Dutch Church v. Ten Eyck,* 25 *N. J. L.* 40 (*Sup. Ct.* 1855); *Meeker v. Boylan,* 28 *N. J. L.* 274 (*Sup. Ct.* 1860); *Otterson v. Hofford,* 36 *N. J. L.* 129 (*Sup. Ct.* 1873); *In re Lee's Case,* 46 *N. J. Eq.* 193 (*Prerog. Ct.* 1889); *In re Rein,* 139 *N. J. Eq.* 122 (*Prerog. Ct.* 1946). We concur in the finding that this evidence is utterly without countervailing weight. The proofs overwhelmingly negative the existence of undue influence.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, WACHENFELD, BURLING and ACKERSON—6.

*For reversal*—None.