9 N.J. Super. 146 (1950)
75 A.2d 517
IN THE MATTER OF THE PROBATE OF THE LAST WILL AND TESTAMENT OF ANNA FILO, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued August 14, 1950.
Decided September 12, 1950.
*148 Before Judges JACOBS, BIGELOW and JAYNE.
Mr. Michael Resko argued the cause for the appellant.
Mr. Elmer E. Brown argued the cause for the respondent.
The opinion of the court was delivered by JAYNE, J.A.D. (Temporary assignment.)
Anna Filo, of foreign birth, resided in this country for nearly three score *149 years. She was married and upon her death on January 1, 1949, she was survived by four daughters, Mary, Pauline, Anna and Catherine. All are married except Catherine. The decedent's husband had previously expired on May 6, 1948.
At the time of her demise Mrs. Filo resided on the ground floor of a two-family house in Carteret, New Jersey, with her unmarried daughter, Catherine. The apartment above was occupied by her daughter Anna Dolinch and family.
On October 25, 1948, Mrs. Filo executed with due formality a writing purporting to be her last will and testament, which was prepared by Mr. Elmer E. Brown, an attorney and counsellor-at-law of New Jersey, and witnessed by him and his secretary.
Mary, by means of a caveat, has protested against the probate of the alleged will for the reasons that (1) it was not duly executed; (2) undue influence and fraud were practiced upon the testatrix; (3) it was the result of mistake; and (4) that the testatrix lacked testamentary capacity. The judge of the Middlesex County Court resolved that the instrument should be admitted to probate, and the present appeal is addressed to that judgment.
There is not a feather of proof that the testatrix was deficient in the requisite testamentary mental capacity or that the necessary formalities pertaining to the execution of the instrument were in anywise disregarded.
The presumption of the law is in favor of testamentary capacity. Elkinton v. Brick, 44 N.J. Eq. 154, 15 A. 391 (Prerog. 1888); Johnson's Case, 80 N.J. Eq. 525, 85 A. 254 (E. & A. 1912). Any person capable of recollecting of what his property consists, and who by ties of blood or friendship have claims upon his bounty, and whose mind is sufficiently sound to enable him to know and to understand what disposition he wishes made of his property after his death, is competent to make a valid will. Clifton v. Clifton, 47 N.J. Eq. 227, 21 A. 333 (Prerog. 1890); Bennett v. Bennett, 50 N.J. Eq. 439, 26 A. 573 (Prerog. 1893).
*150 The only controversial point that seems to have survived the inquiry conducted in the County Court is the insistence that the instrument was prepared and executed in consequence of the undue influence imposed upon the testatrix by one or both of her daughters, Anna and Catherine.
The following quotation from the opinion in In re Neuman, 133 N.J. Eq. 532 (on p. 534), 32 A.2d 826 (E. & A. 1943), is appropriate. "This court has had occasion from time to time to consider the question of undue influence and from these adjudications it is clear that an influence, if it is to be considered as undue, must be such that it has resulted in destroying the free agency of a testator in regard to the disposition of his property. The coercion exerted may be mental, moral or physical, or all three, but it must be such as to pre-empt the testator from following the dictates of his own mind and will and accepting instead the domination and influence of another. No exclusive formulary may be prescribed that will serve as a standard or norm to ascertain the presence or absence of what the law denominates undue influence in any given case. But each case must be decided according to the attending facts and circumstances."
The primary and ultimate burden of proving the use of undue influence devolves upon the party who alleges it. In re Craft's Estate, 85 N.J. Eq. 125, 94 A. 606 (Prerog. 1915); In re Babcock, 106 N.J. Eq. 228, 150 A. 219 (Prerog. 1930); In re Strang, 109 N.J. Eq. 523, 158 A. 489 (E. & A. 1932); In re Raynolds, 132 N.J. Eq. 141, 27 A.2d 226 (Prerog. 1942); affirmed, 133 N.J. Eq. 346, 32 A.2d 353 (E. & A. 1943).
In the present case Mary's accusation of undue influence seems to rest in part on the postulate that her sisters Anna and Catherine resided in the same house with the testatrix, hence motive and opportunity. Motive and opportunity to exercise undue influence of themselves do not constitute sufficient proof. It must be made evident that the motive was pursued and the opportunity actually so employed as to destroy the free agency of the testatrix. In re Dyer, *151 135 N.J. Eq. 58, 61, 36 A.2d 868 (E. & A. 1944); In re Skewis' Will, 2 N.J. Super. 114, 64 A.2d 892 (App. Div. 1949).
The isolated fact that a beneficiary under a will occupied a position of trust and confidence to the testatrix creates no presumption of undue influence. Wheeler v. Whipple, 44 N.J. Eq. 141, 14 A. 275 (Prerog. 1888); affirmed, 45 N.J. Eq. 367, 19 A. 621 (E. & A. 1889); Loveridge v. Brown, 98 N.J. Eq. 381, 388, 129 A. 131 (E. & A. 1925); In re Heim, 136 N.J. Eq. 138, 40 A.2d 651 (E. & A. 1945); In re Nixon, 135 N.J. Eq. 117, 37 A.2d 295 (Prerog. 1944); affirmed, 136 N.J. Eq. 242, 41 A.2d 119 (E. & A. 1945).
The circumstance that Catherine summoned the attorney to prepare the will is emphasized. She testified that she did so in obedience to her mother's wishes. The pertinent language of the Vice-Ordinary in Bennett v. Bennett, supra, may be recalled: "No matter if the will is drawn by the principal, or even sole, legatee, if it is made by a testator possessing adequate capacity, and it is shown that he knew its contents when he published it, and it appears to have been executed in the manner prescribed by the statute, the court must, in obedience to the law of the land, uphold it as the will of the testator and admit it to probate, unless satisfactory evidence is produced showing that it is the product of fraud." See, In re Nixon, supra.
Notwithstanding the testatrix' moderate knowledge of the English language, her comprehension of the provisions of the will at its execution is sustained by the preponderance of the evidence. Lyons v. Van Riper, 26 N.J. Eq. 337 (Ch. 1875).
It is not manifest that the testamentary disposition made by the testatrix of her estate is anomalous in the circumstances. Parenthetically, we note that neither a copy of the will sub judice nor the will of 1945 to which reference is made in the testimony is exhibited in the appendix. However, our information, derived from the testimony, is that the testatrix had previously executed a will in 1945 in which she had bequeathed to Mary a legacy of precisely the same amount *152 and after bequests to Pauline and Anna, had vested the remainder of her estate in Catherine. By the terms of her last will of a similar style, the remainder is given to both Anna and Catherine. The gift to Catherine was consequently reduced rather than enhanced, and the legacy to Anna in the previous will was not substantially increased by the last.
It is, however, well settled that inequality of benefit among those of equal degree of consanguinity to testator will not justify any inference against the validity of the will that creates it. Any discordant rule would materially abridge, if not abolish, the power of a testator to direct the disposition of his property after death as between relatives. Moreover such inequality will not of itself justify any inference of undue influence upon the testator, because of equal logic and reason is the inference that it was induced by the influence of kind intentions and care naturally producing affection and good will. Armstrong v. Armstrong, 69 N.J. Eq. 817, 66 A. 399 (E. & A. 1906); In re Alper, 142 N.J. Eq. 529, 60 A.2d 320 (Prerog. 1948); affirmed, 2 N.J. 104, 65 A.2d 736 (1949).
Here the circumstance that the testamentary distribution of the estate is in itself natural and reasonable in the conditions then existing constitutes corroborative support for the opinions of the subscribing witnesses that the testatrix possessed testamentary capacity at the time of the execution of the will. Buckman's Case, 80 N.J. Eq. 556, 562, 85 A. 246 (E. & A. 1912).
We have examined this case in its own particular setting of facts, and we conclude the will was not the product of undue influence or fraud, and that the conclusions of the judge of the County Court are adequately supported by the evidence.
Accordingly, the judgment under review is affirmed.