19 N.J. Super. 565 (1952)
89 A.2d 54
IN THE MATTER OF THE ESTATE OF FLORENCE R. FLEMING, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued May 5, 1952.
Decided May 23, 1952.
*567 Before Judges McGEEHAN, JAYNE, and GOLDMANN.
Mr. Emerson Richards argued the cause for appellant (Mr. Lawrence Milton Freed, of counsel).
Mr. Edward Fishman argued the cause for respondents (Mr. Walter S. Jeffries, attorney).
The opinion of the court was delivered PER CURIAM:
The subject matter of the present appeal relates to the propriety of a judgment of the Atlantic County Court, Probate Division, sustaining the validity of a will executed on August 22, 1949, by one Florence R. Fleming, the grandmother of the appellant, Richard Fleming. The testatrix died on August 12, 1950, at the age of 76 years, leaving her estate by the will in question to her son John and her daughter Mabelle, and disinherited Richard.
The validity of the will is attacked upon the three grounds: (a) that its execution was not in conformity with an essential statutory requirement; (b) that the will was the result of undue influence practiced upon the testatrix by her daughter Mabelle; and (c) that the testatrix at the time of the execution of the purported will lacked the requisite testamentary capacity.
Oddly a copy of the alleged will is not included in the appendix, but we infer from the comments of counsel concerning it in the briefs and the fact that the instrument was prepared and its execution supervised by a member of the bar that it bears the signature of the testatrix and the conventional attestation clause beneath which are the signatures of the two witnesses.
*568 It is recognized that a complete attestation clause supplemented by proof of the signatures of the testatrix and of the subscribing witnesses carries a weighty presumption of the truth of the circumstances therein declared to have accompanied the execution of the instrument. The clause is now accepted as "a most important element of proof" and the derivative presumption is deemed impregnable unless it is devastated by "strong and convincing evidence." Bloom v. Terwilliger, 78 N.J. Eq. 221 (Prerog. 1910); In re Lazzati, 131 N.J. Eq. 54 (E. & A. 1942); In re Wherry, 131 N.J. Eq. 505 (E. & A. 1942); James v. Wendehack, 1 N.J. Super. 203 (App. Div. 1949), certif. denied 1 N.J. 603 (1949); In re Dubois, 9 N.J. Super. 280 (App. Div. 1950), certif. denied 6 N.J. 232 (1951).
In addition to the declarations of the attestation clause the publication of the alleged will was supported by the testimony of the witness Enoch A. Higbee, Jr., and in some measure by that of the witness John Lamp, who recalled that "at the time Mrs. Fleming signed her signature" Mr. Higbee inquired of her "is this the way you want the will made out?" and she replied in the affirmative. (Italics ours.)
The facts embodied in the attestation clause (assuming it to be of the accredited type) and the testimony of the witnesses were not disproved by any countervailing evidence.
We do not discover in the transcript of the evidence that degree of proof which adequately establishes the essential elements of undue influence.
The primary and ultimate burden of proving the use of undue influence devolves upon the party who alleges it. In re Strang, 109 N.J. Eq. 523 (E. & A. 1932); In re Neuman, 133 N.J. Eq. 532 (E. & A. 1943); In re Filo, 9 N.J. Super. 146 (App. Div. 1950); In re Gotchel, 10 N.J. Super. 208 (App. Div. 1950); Stroming v. Stroming, 12 N.J. Super. 217 (App. Div. 1951); Gellert v. Livingston, 5 N.J. 65 (1950).
The mere isolated fact that a beneficiary under a *569 will occupied a natural position of trust and confidence to a testatrix who in the present case was her mother does not alone create a presumption of undue influence. In re Neuman, supra; Gellert v. Livingston, supra. There must be, in the case of wills, proof of some additional facts and circumstances in support of the allegation of undue influence beyond the existence of the confidential relationship and the bare opportunity to exercise such influence, in order to cast upon the accused beneficiary the burden of proving that no such influence was in fact practiced on the testatrix. In re Filo, supra, and cases therein cited; Gellert v. Livingston, supra.
In the present case we are not persuaded that there was evidence of such circumstances or indicia as to create against the daughter Mabelle the presumption of undue influence which effectively shifted to her the burden of going forward contra on that issue. Vide, In re Raynolds, 132 N.J. Eq. 141, 147 (Prerog. 1942), affirmed 133 N.J. Eq. 346 (E. & A. 1943).
It is not manifest that the testamentary disposition of the estate of the testatrix is anomalous. The testatrix appears to have perpetuated the testamentary wishes expressed in the will of her husband, who died on June 24, 1949.
Lastly our attention is directed to the consideration of the evidence relating to the mental testamentary competency of the testatrix.
The legal presumption is that the testatrix was of sound and disposing mind and memory at the time of the execution of the will and in cases of this nature, the point of time at which to consider the mental competency of the testatrix is that at which she executed the writing in controversy. In re Craft's Estate, 85 N.J. Eq. 125, 130 (Prerog. 1915); In re Gotchel, supra; Gellert v. Livingston, supra.
The normal mental faculties of the testatrix undoubtedly deteriorated in consequence of the grief occasioned by the death of her husband. She was committed to the New Jersey State Hospital at Trenton on April 20, 1950, *570 a period of eight months after the execution of the will. The trial judge had before him the conflicting testimony of the family physician, the attorney and others who in effect affirmed the existence of her mental competency at and about the time of the execution of the will, and the expert testimony of the psychiatrists who first observed her mental condition upon her admission to the State Hospital and expressed the opinion that she lacked the requisite testamentary capacity at the date of the execution of the instrument.
We have frequently indicated that the findings of the trial judge on issues of fact, here the issues of undue influence and testamentary capacity, though not controlling, are, by reason of his superior opportunities to determine the credibility of the testimony, entitled to great weight. Rules 1:2-20; 4:2-6; 2 Page on Wills, Sec. 690, et seq.; Gellert v. Livingston, supra.
In the existing state of the evidence we are not justified on appeal to override the conclusions of the trial court that the will was duly executed; that it was not shown to have been the product of undue influence; or that the testatrix had the requisite mental capacity to execute the will.
The judgment under review is affirmed.