IN THE MATTER OF THE ESTATE OF
JENNY OLGA LEHNER.

Argued April 26, 1976—Decided June 22, 1976.

*Mr. Irving C. Evers* argued the cause for appellant.

*Mr. Harold L. Jacobs* and *Mr. Gary D. Barton* argued the cause for respondents (*Mr. Barton* of counsel and on the brief; *Mr. Jacobs,* attorney).

PER CURIAM. This is a will contest. The plaintiffs sought to set aside the judgment of the Surrogate admitting the will to probate on the ground that the will was the product of undue influence upon the decedent. The trial court, however, upheld the validity of the will. On appeal, the Appellate Division, with one judge dissenting, set aside the probate of the will holding that the trial court failed "to give effect to the presumption of undue influence which was raised in the circumstances of the case."

We reverse the judgment of the Appellate Division and reinstate the judgment of the trial court admitting decedent's

will to probate substantially for the reasons expressed in the dissenting opinion of Judge Morgan in the Appellate Division.

The dissent expressed doubt whether the circumstances here raised a presumption of undue influence placing the burden on proponent of the will to rebut that conclusion. We think the relationship of proponent to decedent as her attorney did create a confidential relationship between them so that the bequest of her entire estate to him, to the exclusion of her brother and sisters, was at least "slight circumstances" suggestive of unfairness and imposition and sufficient to raise the procedural presumption of undue influence. *In re Blake's Will,* 21 *N. J.* 50, 55-56 (1956).

However, we agree with Judge Morgan that the proofs abundantly overcame the presumption and affirmatively negated undue influence. As the dissent pointed out, the trial court did subject the circumstances surrounding the making of the will to "careful scrutiny" and was unable to find anything in all of the evidence which would point to or indicate the exercise of any form of undue influence upon the decedent. We agree with Judge Morgan that the evidentiary record amply supports such conclusion.

Regarding the trial court's exclusion of evidence as to alleged statements by decedent describing proponent's "actions towards her," both the majority and dissenting opinions held this to be error. However, such evidence, while admissible to show decedent's state of mind, is not competent to show acts of undue influence. See 5 *N. J. Practice (Clapp, Wills and Administration),* § 61 at 144 (3 ed. 1962). In *In re Anastasia Davis,* 73 *N. J. Eq.* 617 (Prerog. 1908) it is stated that:

"The settled doctrine in this state is that statements and declarations made by a testatrix are not admissible as evidence of facts from which undue influence will be inferred. They are only admissible to indicate the state of mind of the person * * *." (Citing cases.) 73 *N. J. Eq.* at 620.

See also, *In re Nixon,* 135 *N. J. Eq.* 117, 127 (Prerog. 1944), aff'd 136 *N. J. Eq.* 242 (E. & A. 1945); *In re Raynolds,* 132 *N. J. Eq.* 141, 157 (Prerog. 1942), aff'd o. b. 133 *N. J. Eq.* 346 (E. & A. 1943).

The proffer of proof herein was that alleged statements by decedent to her sister were competent to show "what he [respondent] did or did not do to show affection or find affection." However, such statements were not admissible for that purpose.[1] Moreover, even were we to accept the sister's testimony as credible, we regard it as insufficient to show a state of mind overborne by proponent or unduly influenced by him.

Reversed.

*For reversal*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For affirmance*—None.

---

[1]The parties have not raised the possible applicability of Evid. R. 63(32) which excepts from the hearsay prohibition "a statement made by a person unavailable as a witness because of his death * * * if the statement was made in good faith upon the personal knowledge of the declarant, and there is a probability from the circumstances that the statement is trustworthy." We do not pass upon the matter in the absence of argument on the point and in view of the probative insufficiency of the statements in any event.