The State v. Calvin.

THE STATE v. CALVIN.

Bank notes are not "goods or chattels," and the receiver of stolen bank notes cannot be indicted under the statute making it a misdemeanor to receive stolen "goods or chattels."

This case came before the court from the Passaic Oyer, for an advisory opinion. The defendant was indicted for, and convicted of receiving a large number of bank bills, amounting in value to $4000, " of the property, goods, and chattels " of Drew, Robinson & Kelly, the defendant well knowing said bank bills were taken by robbery, &c., contrary to the statute, &c.

Argued before the CHIEF JUSTICE, and RANDOLPH, Justice, by *Barkalow*, for the State, and *A. S. Pennington*, for defendant.

· RANDOLPH, J., delivered the opinion of the court.

As choses in action and bank bills had no intrinsic value at common law, and were not the subject of larceny or robbery (1 *Hawk.* 142; 4 *Bl. Com.* 234; *Arch. Cr. Pl.* 65), the question is, whether they are included in the statute respecting the receiving of stolen goods or goods and chattels taken by robbery. The language of the act is (*Rev. Stat.* 279, § 72), " if any person shall receive or buy any goods or chattels that shall be stolen or taken by robbery," &c. In the thirty-fourth, thirty-fifth, and thirty-sixth sections of the same act, which treat of the crime of larceny, the phrase used is, " shall steal of the *money* or personal goods and chattels," but in the thirty-

seventh section, which applies to double larcenies, the words "goods and chattels," only are used. Sections thirty-eighth and thirty-ninth, respecting robbery, and assault with intent to rob, &c., make use of the words "*money* or personal goods and chattels," and the forty-fifth section makes the stealing or taking by robbery of any *bank bill or note,* bill of exchange, order, &c., a misdemeanor of the same degree and nature as if the offender had stolen or taken by robbery "any *other goods* of like value, with the money due on such bank bill," &c., "money, wares, merchandise, goods, or chattels" are used in the fifty-second section, which relates to obtaining goods under false pretences. The same phraseology is used in all the preceding statutes applied to the respective crimes, as is now used in the revised statutes, they being copied almost literally from the English statutes. Thus the 3 *W. & M. c.* 9, § 4, states, that if any person shall "buy or receive any goods or chattels" feloniously taken or stolen, he shall be deemed an accessary; and 5 *Anne, c.* 31, 4 *Geo.* 1, *c.* 11, and 22 *Geo.* 3, *c.* 58, all relating to receivers of stolen goods, make use of the words "goods," or "goods and chattels," only. "But," says a learned author, "it has often been determined that receivers of stolen money are not within the statutes." See 2 *East's Cr. Law* 748. In the case of *Sadi and William Morris,* 2 *East* 748, and *Leach's Cr. Cas.* 404, it was directly ruled, by a majority of the ten judges, that bank notes were not within the statutes relating to the receiving of stolen goods: one of the judges thought the construction would have been the same, if the act of 2 *Geo.* 2, which first made the stealing of bank bills felony, had been passed prior to the act of 3 *W. & M.;* but other judges thought that inasmuch as 2 *Geo.* 2 had rendered the stealing of bank notes felony, it drew after it all the incidents of felony at common law, and therefore included receivers as accessaries after the fact; the majority, however, considered the offence not within the statutes, and refer to *Cuyle's case,* 8 *Co.* 33; *Yelverton* 68; *Miller* v. *Ran,* 1 *Burr.* 457. See, also, 3 *Burn Justice, Title Larceny* 38; 4 *Bl. Com.* 133, *note* (12). In *Rex* v. *Anne & William Gaze* (*Russ. & Ryan* 385), who were convicted, the former of stealing, and the latter of

receiving a promissory note, eleven of the judges were unanimously of the opinion that William Gaze was not rightfully convicted under the statute of 3 *W. & M.* Upon the reason assigned by Justice Ashurst, in *Rex* v. *Sadi and William Morris*, that although 2 *Geo.* 2, making the stealing of notes and securities felony, would draw after it all the common law incidents of felony, and render accessaries liable, yet receivers were not accessaries at common law, and were not included. This appears to be the settled construction of the English statutes, though there are some cases not entirely reconcilable with it. Thus, in the *King* v. *Crone*, defendant was convicted of a misdemeanor for receiving a promissory note under the act 23 and 24 of *Geo.* 3, which mentions only goods and chattels. 3 *Br. Cr. Ca.* 47. So there have been several convictions for receiving bank bills under 12 *Anne, c.* 7, which mentions *money*, goods or chattels. In *Rex* v. *Vyse*, 1 *Br. Cr. Ca.* 218, the conviction was sustained only on those counts which charged the promissory notes as so many pieces of stamped paper of the goods and chattels of J. W. These difficulties however, have all been obviated in England by the passage of the statute of 3 *Geo.* 4, 24, which makes the receiving of bank bills, promissory notes, and other securities, a distinct and independent offence. The case of *Boyd and wife* (to be found in 3 *City Hall Recorder* 57), puts the same construction on the New York statute as *Rex* v. *Morris* does on the English acts ; and since that decision the New York statute has been amended. Our statute makes the receiving of goods and chattels stolen or taken by robbery a distinct offence, and not as accessory to the larceny or robbery ; and although subsequent sections render the stealing or taking by robbery bank bills, as well as goods and chattels, an indictable offence, yet these cannot draw after them, as a necessary consequence, another distinct and independent offence ; so that whether common law or statutory accessaries are included or not in the principal act under the English statute, neither can be included under ours, for that embraces no such offence as accessory to the larceny or robbery, but the receiving is a misdemeanor by the statute, and by that, which alone creates the

crime, must it be defined and specified ; and as that does not include bank bills, although the other sections of the act do, it is to be presumed that the legislature never intended that the receiving of stolen bank bills should be an indictable offence.   In the case of *Sadi and William Morris* (before referred to) the court remark, that bank bills having no peculiar mark may enter into the currency, be passed as such, and so received ; and hence the propriety of including them in the offence for receiving stolen goods is much questioned.

The indictment, therefore, cannot be sustained.