## THE STATE v. HARRY L. ROM.

Argued November 10, 1908—Decided February 23, 1909.

1. Grounds of objection to evidence not disclosed by the record of the proceedings at the trial, or by a bill of exceptions, will not be considered by a reviewing court.
2. An instruction to the jury, in a criminal case, that they are not bound to accept as verity the testimony of the accused, given in his own behalf, affords no ground for a reversal.

On error to Mercer County Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, W. Holt Apgar.

For the state, William J. Crossley and William R. Piper.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant was indicted for and convicted of the offence of receiving stolen goods, knowing the fact that they were stolen. The stolen property was a coil of copper wire belonging to the John A. Roebling Sons Company. The principal witness on the part of the state was Edward Hackney, who was one of the persons who stole the wire and sold it (as the state claims) to the defendant. Among other questions asked this witness were the following:

"Q. You were arraigned on the charge of grand larceny— the stealing of copper wire, the property of the John A. Roebling Sons Company, were you not?" to which the witness answered "Yes." He was then asked:

"Q. On the 22d day of October, 1907—and pleaded guilty?"

This question was objected to, on the ground that the fact that the goods were stolen could not be proved in that way.

The objection was overruled and the question admitted, and to this ruling error is assigned.

The ground of objection is clearly untenable and is not urged before us, but we are informed by the brief of counsel that, at the time when the question was asked, there was in court a coil of copper wire belonging to the John A. Roebling Sons Company, which was not the wire stolen by the witness, and that the question objected to was so framed as to give the jury the impression that this particular wire was that which had been stolen and sold to the defendant. Why this question tended to convey such an impression counsel does not disclose to us, nor are we able to perceive without his aid. Moreover, the record and bill of exceptions sent up with the writ of error do not show that at the time the question was asked, a coil of wire other than that which was stolen was in court, and, consequently, we have nothing but the statement of counsel for that fact. It would seem, therefore, that, unless we are prepared to substitute the brief of counsel for the record and bill of exceptions, we would not be justified in reversing the conviction before us, on the ground now pressed by counsel with relation to the incompetency of the question objected to, even if we were able to perceive, without his help, that its tendency was to convey the impression which he suggests and that it was on this account incompetent, and were willing to disregard the elementary rule which limits a reviewing court to a consideration of those grounds of objection which are stated to the trial court.

The next assignment of error is directed at a comment of the judge upon the evidence during the delivery of his charge, which it is said tended to leave upon the minds of the jury the impression that a coil of copper wire other than that which had been stolen (and which was in the court-room at the time of the delivery of the charge) was the property which the defendant was charged with receiving, knowing that it was stolen. In addition to what we have already said in discussing the first assignment of error, it is enough to say, for the disposition of that now under consideration,

that it seems to us impossible that such an impression could have been made upon the minds of any twelve men who were at all qualified to sit in a jury-box.

The only other assignment of error is directed at the following excerpt from the charge to the jury:

"Knowledge, of course, is the very essence of this crime charged against him. It is not the mere fact that a man buys an article that is stolen that makes him guilty of crime. It is receiving stolen goods with a knowledge that they were stolen that makes the crime. Now, what may be in a man's mind, if he doesn't see fit to tell it, can only be ascertained by inference, inference drawn from his conduct and the circumstances surrounding the fact which it is said lies in his knowledge, such circumstances as would apprise a person of his intelligence of the existence or non-existence of a given state of facts. Nor are we to be limited to what a man may say he knows, because it is easy to prevaricate; it would be an easy matter for a man to tell a lie when asked as to his knowledge." Error is said by counsel to be present in the last sentence of this excerpt. The truth of the proposition is uncontroverted and incontrovertible. It is not the statement of a legal principle, but of a universally known fact. The objection made to it, as we understand counsel, is not that it violates any rule of law, but that it was an intimation to the jury that they were not bound to accept as verity the testimony of the defendant given in his own behalf upon the witness-stand. Allowing the statement the full effect claimed for it by defendant's counsel, it will not justify a reversal of this conviction, unless we are ready to say that any observation of the court to the jury with relation to the weight to be given to the testimony of an interested party is legally unjustifiable. This, it is needless to say, we are not willing to do.

The conviction under review will be affirmed.