THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MICHAEL KRUPIN ET AL., PLAINTIFFS IN ERROR.

Submitted March 20, 1924—Decided June 16, 1924.

1. Section 166 of the Crimes act (*Comp. Stat., p.* 1795) makes the receiving of goods and chattels stolen or taken by robbery, a distinct offense, and the party receiving is a principal so far as that offense is concerned, and not a mere accessory to the larceny or robbery.
2. Under section 166 of the Crimes act, which makes any person who shall receive stolen goods, knowing them to have been stolen, guilty of a misdemeanor, the purpose of the person in so receiving the goods is immaterial.

On error to the Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiffs in error, *John W. McGeehan, Jr.*

For the state, *John O. Bigelow,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The five plaintiffs in error, Krupin, Massucci, Ralph, Everitt and Farese, with certain other persons, were convicted upon the second count of an indictment found against them by the grand jury of Essex county. This count charges them with the receiving, on the 16th day of May, 1923, of one hundred and forty-seven tires, the goods and chattels of the United States Tire Company, which had been feloniously stolen and taken from the warehouse of that company, the defendants knowing when they received the same that these tires had been feloniously stolen. In the argument of the case before us, counsel for the plaintiffs in error contends that the conviction against Krupin cannot be sustained because of certain trial errors which are

specified as grounds of reversal, and that the conviction of his other clients should be reversed because of other reasons, also specified as grounds of reversal.

Taking up for consideration, first, the grounds upon which the conviction of Krupin is sought to be set aside:

The first contention is that the court should have directed a verdict of acquittal because there was no legal evidence of his having received the goods in question. Our examination of the proofs sent up with the writ of error satisfies us that the motion for a direction was properly refused. The proof was uncontradicted that the tires in question had been stolen by a party of criminals, who had banded together for the purpose of committing robberies. It was shown that after the larceny a large number of the stolen tires were taken to Krupin's saloon, in Orange, and stored there, and that they were subsequently removed from this place of storage. This fact alone was evidential of the charge of receiving by Krupin. Moreover, there was other evidence tending to show that after they had been left at his place Krupin undertook to make arrangements, after they had been removed from his saloon, for their removal to another place of storage. In this situation of the proofs the question whether the stolen goods had been received by Krupin was one for the determination of the jury.

The next ground upon which we are asked to reverse the conviction against Krupin is that the verdict convicting him of receiving these goods, knowing them to be stolen, was contrary to the weight of the evidence. Our examination of the proofs satisfies us that this contention is without merit.

Next, it is contended that the court committed harmful error in refusing to overrule a question put by the prosecutor of the pleas to a witness called by the state, the question being as follows: "Sometime in the month of May of this year did you see Mr. Krupin?" The only ground of objection was that the question was leading. But the mere fact that a question is leading affords no ground for the reversal of a judgment of conviction, for the reason that whether a leading question will be permitted or not rests within the discretion

of the trial court, and it cannot be said that in admitting this question there was an abuse of that discretion. It may be added that the question was not leading, in the strict sense of that term, it being a mere preliminary one, asked for the purpose of fixing the mind of the witness upon an occasion to which the subsequent examination was intended to be directed.

Next, it is contended in behalf of Krupin that the trial court erred in refusing to strike out the answer of the witness Fulds to the following question: "Did you have a talk with these two men?" (neither of them being Krupin). *Answer.* "Yes, they want to hire me, I shall bring some tires from Orange to Paterson." The contention, however, is based upon a misconception of fact, for the record discloses that counsel, having made his motion, stated that he rested it on the ground that the conversation did not take place in the presence of Krupin, who was many miles away, and was not binding on him at all, to which the court replied, "I will grant that motion."

The last ground of reversal which has been argued before us, so far as the conviction against Krupin is concerned, is that the court refused to charge the following request submitted on his behalf: "There is no evidence in the case showing that the defendant Krupin either stole or received the tires, or any of them, mentioned in the indictment, and he is entitled to an acquittal." This, in effect, is a mere repetition of the first point made in his behalf, and which we have already discussed.

We conclude that, as to the defendant Krupin, there is no merit, in any of the grounds of reversal urged on his behalf, and that the conviction against him must be affirmed.

Taking up the grounds of reversal urged in behalf of the other plaintiffs in error:

The first contention is that the court erroneously refused to charge the following request submitted on their behalf: "If you find that the proof shows that these defendants transported the tires, not with the intent to steal them themselves, and did not receive the same feloneously, but for the purpose

of assisting those guilty of the theft of the tires to dispose of them or to hide them, then these defendants would be guilty of another charge, and cannot be convicted under this indictment." The argument in support of the contention that this request should have been charged is that, as the evidence showed that these defendants moved the tires at the request of one of the men guilty of the actual stealing thereof, for the purpose of assisting in hiding them, this would constitute the crime of being accessories after the fact to the crime of larceny, which would be an indictable offense, for which the defendants could not be convicted except on an indictment specifically charging them as such accessories. The argument seems to be based upon a misconception of section 166 of our Crimes act (*Comp. Stat.*, p. 1795), which declares that "any person who shall receive any goods or chattels that have been stolen from any other person, knowing the same to have been stolen, shall be guilty of a misdemeanor." It may be assumed that, if the conviction of these plaintiffs in error had been for larceny, it could not have been sustained for the reason advanced by counsel. But, as was said by this court in *State* v. *Calvin,* 22 *N. J. L.* 207, 209, "Our statute makes the receiving of goods and chattels stolen or taken by robbery a distinct offense, * * * and the party receiving is a principal, so far as that offense is concerned, and not a mere accessory to the larceny or robbery." For the reason indicated, we conclude that the request to charge was properly refused.

The next point is that the court erred in refusing to charge that "Under the indictment for larceny and receiving as returned in this case, these defendants cannot be convicted for. being accessories after the fact to the theft of the tires, as this is a different charge and one not embraced in this indictment." The request was properly refused, for it dealt with a matter entirely outside of the scope of the indictment, and, consequently, had no relevancy to the issues to be submitted to the jury. Moreover, even if the request had been proper, the refusal to charge it was harmless error, in view of the fact that the jury convicted the defendants, not of being

accessories after the fact to the theft of the tires, but of being guilty of the crime of receiving stolen property, knowing it to have been stolen.

Next, it is contended that the court erred in charging the jury that the receipt of stolen tires, knowing them to be stolen, even if only for carting or storage temporarily, or otherwise, would be a violation of the provision of the statute; that the receipt of the goods, even if only to hide them or to assist the thieves in disposing of them, if the defendants knew they were stolen, would be receiving under the statute. This instruction seems to us to be entirely accurate. The statute gives no consideration to the object that a person has in mind in receiving stolen goods from the thief, knowing them to have been stolen. The mere act of receiving the goods, without regard to his purpose in doing so, brings him within the condemnation of the statute.

Lastly, it is urged that the trial court should have directed a verdict of acquittal as to Ralph and Massucci, because there was no legal evidence that either of them received the goods, knowing them to have been stolen. The proof of their having aided in removing the goods from the place where they had been concealed by the thieves, and their subsequent acts with relation to the transportation of the goods, made the question of their knowledge that the goods were stolen one for the jury. That they and the other defendants who assisted in the removal of the goods from their place of concealment received the goods within the meaning of the statute is self-evident.

The conclusion we reach as to the grounds relied upon for a reversal of the conviction against the plaintiffs in error other than Krupin, is that they are, each of them, without merit, and that the conviction against them should also be affirmed.