THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MICHAEL KRUPIN ET AL., PLAINTIFFS IN ERROR.

Submitted November 10, 1924—Decided January 19, 1925.

On error to the Supreme Court, whose opinion is reported in 100 *N. J. L.* 7.

For the plaintiffs in error, *John W. McGeehan, Jr.*

For the defendant in error, *John O. Bigelow,* prosecutor of the pleas.

PER CURIAM.

The judgment of the Supreme Court will be affirmed, for the reasons given in the opinion of the Supreme Court, except in the following particulars:

1. With respect to the alleged error in refusing to strike out the answer of the witness Fulds to a certain question, the Supreme Court says, in substance, that the trial court did strike out the answer, but this, we think, is an error as to the fact. The particular question was objected to on the ground of irrelevancy, and the court said, "I will allow it to stand." Later, there was another motion to strike out a similar answer to another question, and this the court struck out, but in so doing, said, "Yes, but that does not apply to the similar answer given on the examination by the prosecutor." There was, however, no legal error because the objection to the first answer went merely to the ground of irrelevancy, and it certainly cannot be said that the testimony was irrelevant, although it may well have been incompetent as hearsay. This latter objection, however, was not made.

2. The other point not treated in detail by the Supreme Court and argued here on the part of the defendant Ralph is based on the common law distinction between felonies and misdemeanors. Ralph was a helper on the truck into which

the stolen tires were loaded after they had been stolen, and the theory of the argument is that he was merely an accessory to the crime of larceny. Conceding this for the purpose of argument, he was a member of a party of men who received the tires after the larceny, and, as the jury found, with knowledge that they were stolen, and being present, aiding and abetting, at that stage of the proceeding, the law is elementary that he was a principal. Consequently, this ground urged as a reason for directing an acquittal was manifestly untenable.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 12.

*For reversal*—None.