STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ABRAHAM SEIDMAN, PLAINTIFF IN ERROR.

Submitted February 1, 1930—Decided January 10, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justice CAMPBELL.

For the plaintiff in error, *Joseph Kraemer.*

For the state, *Joseph L. Smith,* prosecutor of the pleas, and *Joseph E. Conlon,* assistant prosecutor.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in error, Abraham Seidman, a justice of the peace of Essex county, and Gustave S. Fischman, a constable of that county, were jointly convicted upon an indictment which charged them with receiving and taking, by color of their respective offices, the sum of $10 as a fee from one Frank Puciarello, the same not being allowed by the laws of this state for performing the duties of their offices, they, the said Seidman and Fischman, then and there not being entitled to any fee from said Puciarello. The present writ of error was sued out by Seidman.

The indictment is based upon section 22 of our Crimes act. *Comp. Stat., p.* 1750. The provision of the statute is as follows: "Any judge, magistrate, sheriff, coroner, constable, jailer or other officer as aforesaid, who shall receive or take, by color of his office, any fee or reward whatsoever not allowed

by the laws of this state for doing his office, shall be guilty of a misdemeanor."

The first ground urged for a reversal is that the trial court erred in refusing to quash the indictment upon the ground that it charged the two defendants with separate and distinct offenses. After the verdict of guilty was rendered a motion in arrest of judgment was made upon substantially the same ground, and that motion was denied. This is also urged as a ground for reversal; and these two grounds for reversal involve the same proposition. In our view, the court did not commit error in the refusal of these motions. The indictment does not charge separate and distinct offenses. The averment therein is that the two defendants were guilty of jointly taking a single sum of money from Puciarello, and not separate sums. The situation, so far as its legal aspect is concerned, is the same as that presented in a case in which two men, in the execution of a prearranged scheme, joined in "holding up" and robbing a third person. The mere fact that the robbery is the result of a prearranged scheme, or conspiracy, does not constitute that offense, when participated in by two persons, two distinct and separable criminal acts.

This conclusion also disposes of the second ground for reversal; namely, that the trial court committed prejudicial error in permitting the prosecutor of the pleas, in his opening address to the jury, to charge that the defendants had entered into a conspiracy to cause a false criminal complaint to be made against Puciarello, and thereby extort money from him.

Counsel for plaintiff in error further contends as a ground for reversal that the trial court erred in admitting in evidence, over his objection, conversations and conduct of Fischman, not in the presence of plaintiff in error, and charging that such conversations and conduct were evidential against him. We find nothing of merit in this contention. As is stated in 16 *Corp. Jur.* 644, ¶ 1283: "The general rule is that where it appears that two or more persons have conspired to commit an offense, everything said, done, or written by one

of them during the existence of the conspiracy and in the execution or furtherance of the common purpose, is admissible in evidence against the others."

It is further contended as a ground for reversal that it was error for the trial court to permit the state to prove that the defendants induced one Dorothy Miller to sign a complaint falsely charging the commission of a rape upon her by Puciarello. The proofs on the part of the state showed that this young woman went to the office of Fischman, the constable, and told him that she had been living with Puciarello upon the understanding that the latter would marry her, as he had promised to do; that while living with him she had asked him to keep this promise, and that he had refused; that she thereupon went to the office of Fischman, and stated that she wanted to bring criminal charges against her lover; that Fischman thereupon sent her to Seidman, the plaintiff in error, and the latter prepared a complaint charging Puciarello with committing a rape upon this girl, although there was no suggestion made to him by her that her lover had been guilty of any such offense; that she told Seidman that she did not know what rape was, but that he told her that the complaint was all right, and urged her to sign it, and, upon his so urging her, she did so. The threatened criminal prosecution of Puciarello was based upon this complaint, and there was evidence to support the claim of the state that Fischman, the constable, took part in the negotiations which led to the making of the complaint by Dorothy Miller and its subsequent abandonment, which was based upon the payment to her of $50 by Puciarello and $10 to the justice of the peace and constable. In view of these facts, we consider that the testimony objected to was properly admitted, being relevant to the charge against the two defendants below set out in the indictment.

It is next argued as a reason for reversal that the court committed error in refusing to direct a verdict for the defendants because there was no competent evidence of the payment of the illegal fee. It is enough to say in disposing of this point that there was evidence of this fact submitted on the part of the state.

It is next argued that the court erred in instructing the jury that there was nothing in the case to indicate that there was ever any charge made against the girl or her lover that they were guilty of fornication. Just why there is supposed to be legal error in this statement we are unable to understand, for an examination of the record shows that this was the fact.

These are the only points argued on behalf of the plaintiff in error which are of sufficient merit to justify discussion.

For the reasons indicated, the judgment under review will be affirmed.