23 N.J. Super. 311 (1952)
93 A.2d 21
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIAM C. ELLIOTT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 3, 1952.
Decided December 5, 1952.
*312 Before Judges McGEEHAN, JAYNE and CONLON.
Mr. Edward W. Currie argued the cause for the appellant.
Mr. George A. Gray, Assistant Prosecutor, argued the cause for the respondent (Mr. J. Victor Carton, Prosecutor, attorney).
*313 The opinion of the court was delivered by CONLON, J.C.C.
The defendant was convicted in the Monmouth County Court of having on October 30, 1950 caused the death of Peter Zelwak by driving a motor vehicle carelessly and heedlessly in willful and wanton disregard of the rights and safety of others, contrary to the provisions of R.S. 2:138-9. He appeals on the grounds that the court erred in not directing a judgment of acquittal and that the jury's verdict was against the weight of the evidence.
The evidence as to whether the defendant was operating the lethal car was entirely circumstantial, and the case is controlled by the familiar rule that the evidence must be consistent with the guilt of the defendant and inconsistent with any rational theory of innocence. State v. Fox, 12 N.J. Super. 132 (App. Div. 1951).
At the conclusion of the State's evidence  there being no testimony adduced on behalf of the defendant  the court had before it for the consideration of the motion to direct a judgment of acquittal and the jury had before it for the determination of the guilt or innocence of the defendant the following facts and inferences:
On October 30, 1950, shortly before 5:00 P.M., during the daylight and on a clear day, the body of Peter Zelwak was found dying or dead in a driveway a few feet from Ravine Drive in Matawan Borough. He was four years old and weighed about 38 pounds. His sneakers were found on Ravine Drive about 100 feet from where his body was lying. A physician who arrived on the scene a short time later described his condition as follows: "the child was obviously terribly traumatized, and one could conclude from the appearance of the body that he had met a violent death."
The evidence inculpating the defendant established that at about 4:30 P.M. the defendant entered a tavern located at the intersection of State Highway 35 and Cliffwood Avenue in Matawan Township; that he asked the bartender for a drink but was refused because he was drunk; that at about 4:40 P.M. one Charles Ellison, an employee of the Cliffwood *314 School, was driving on Ravine Drive towards his home in Matawan when, through his rear mirror, he observed behind him a car subsequently identified as the defendant's "zigzagging across towards me." Being concerned for his own safety, Ellison pulled to the side of the road and allowed the car to pass. As it did, Ellison observed the license number which was later identified as that of the defendant's car. After the defendant's car had passed him, Ellison proceeded along Ravine Drive and, upon rounding a curve, came upon the body of the boy. The distance traveled by Ellison during this interval is not specified in the testimony by measurement but was indicated on a map which the jury had before it. Ellison got out of his car and when he approached the body he observed a quiver in the boy's arm and then decided the boy was dead. Ellison hailed an oncoming car which was being operated by one Fred Howard who testified that just before he came upon the scene he observed the defendant's car approaching him in the opposite direction and that he was forced to pull to the side of the road to prevent being struck by defendant's car. A few moments later a witness Hyer observed the defendant pull into a gas station at a high rate of speed. He was later found slumped over the wheel of his car in a state of extreme intoxication. An examination of the defendant's car was made forthwith. It disclosed no physical damage, but revealed that while the entire car was dirty and dusty there were large spots on the right front fender that had been rubbed off clean.
The defendant contends that, admitting the above facts and derivative inferences, there was not adequate proof that the defendant's car struck the boy, and that even if it did there was no proof that it had been operated in a criminally negligent manner. Hence the defendant's position is that the circumstances are susceptible of an inference of his innocence as well as his guilt to such an extent as to have required the court to remove the issue from the jury and as to render the jury's verdict contrary to the evidence. The contention *315 is without merit. The facts and circumstances form a complete chain pointing directly to the guilt of the defendant.
The court and the jury, from all of the evidence, were justified in concluding that the deceased was in the roadway of Ravine Drive in daylight on a clear day when he was struck by an automobile going at an excessive rate of speed; that the car which struck the boy was proceeding towards Matawan; that defendant was driving his car at the time and place and in the direction of the impact; that the defendant was intoxicated and did not have his car under proper control; that the car struck the boy within moments of the arrival on the scene of the Ellison and Howard cars, at which moment the boy was dying; that the boy was so small that the impact would not necessarily have done any physical damage to the car which struck him, but that the cleaned-off portions of the defendant's right front fender came from contact with the boy's body. The proof tending to establish the defendant's guilt being entirely circumstantial, the result must depend upon the resolution of the question whether the facts proved are explainable on any other rational conclusion than that the accused is the guilty person, i.e., whether the inference of guilt deduced from the facts is sufficiently strong to justify a conclusion beyond a reasonable doubt that the accused is the guilty party, tested by the consideration whether the facts proved are capable of being reconciled with the hypothesis of innocence. State v. Donohue, 2 N.J. 381 (1949).
Tested by this rule, the series of incidents hereinabove enumerated when considered as a composite whole established at least prima facie evidence of guilt. None of the circumstances proved was in itself inconsistent with guilt. Hence the trial court properly submitted the issue to the jury. This the court did with a proper explanation of the principles which were applicable, clearly instructing them of the State's burden of proving the defendant's guilt beyond a reasonable doubt and the law respecting circumstantial evidence, including a specific instruction that in order to convict *316 they must find the facts consistent only with the defendant's guilt and inconsistent with his innocence. Under all of the circumstances it cannot be found as a matter of law that the jury's verdict was so contrary to the evidence as to indicate that it was the result of mistake, partiality, prejudice or passion, and, lacking that characteristic, will not be set aside. Rule 1:2-19(a).
The judgment of the County Court is affirmed.