79 N.J. Super. 425 (1963)
191 A.2d 784
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN MOFFA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 7, 1963.
Reargued January 28, 1963.
Decided June 4, 1963.
*426 Before Judges PRICE, SULLIVAN and LEWIS.
Mr. C. Zachary Seltzer argued the cause for defendant-appellant (Mr. Angelo D. Malandra, attorney).
Mr. Norman Heine, Prosecutor of Camden County, argued the cause for plaintiff-respondent (Mr. Anthony M. Bezich. Assistant Prosecutor, on the brief).
*427 The opinion of the court was delivered by PRICE, S.J.A.D.
As a result of a jury trial in the County Court defendant was convicted on an indictment charging that he did "wilfully cause, procure and suborn" one Butler Blevins "to wilfully swear" falsely "before the Camden County Grand Jury," in violation of N.J.S. 2A:85-14 (aiding and abetting) and N.J.S. 2A:131-4 (false swearing). Although defendant attacks the conviction on several grounds, we find no merit in any of them except his contention that the trial court erred in refusing to grant his motion for "judgment of acquittal" at the end of the State's case.
The central question on which attention is focused is if, on appellate review of a criminal case, the trial court's denial of defendant's motion for a judgment of acquittal at the end of the State's case is determined to have been erroneous, nevertheless should its action in submitting the issue of defendant's alleged guilt to a jury be affirmed where, as the result of defendant's election to present affirmative proofs, evidence emerged supportive of the charge in the indictment and eliminated the deficiencies in the State's case. The State contends that the rule heretofore deemed controlling in New Jersey should be changed.
Although in the case at bar the prosecutor vigorously asserts that the proofs at the end of the State's case warranted the trial court's denial of defendant's motion then made, he also urges that the principle heretofore followed in New Jersey is not in accord with the criterion applied in the majority of the states in our country and in the federal courts. He asserts that the interest of justice is better served by applying the rule enunciated in other jurisdictions. He contends that the time has arrived for the courts of this State to align themselves with the clear majority of other jurisdictions. He asserts in his brief that the reason for the majority rule is that "if the entire evidence is insufficient to sustain a conviction, the introduction of evidence by the defense," after the court has rejected a motion for a judgment of acquittal at the end of the State's case, "amounts to a waiver" of such motion.

*428 I AND II.
[The Court here reviewed the State's proofs and concluded that they were insufficient to withstand defendant's motion for judgment of acquittal at the end of the State's case. It then assayed the proofs as they existed at the close of the entire case, and concluded that they would have afforded ample justification for the submission of the case to the jury.]

III.
The principle which the New Jersey courts have uniformly followed is that where a motion for a judgment of acquittal is made at the end of the State's case, the motion is to be resolved solely on the basis of the proofs theretofore submitted, and regardless of any evidence presented later in the trial. State v. Fox, 12 N.J. Super. 132, 135 (App. Div. 1951). See also State v. Turetsky, 78 N.J. Super. 203, 215 (App. Div. 1963); State v. Long, 67 N.J. Super. 207, 209 (App. Div. 1961); State v. Trypuc, 53 N.J. Super. 6, 11 (App. Div. 1958); State v. Yedwab, 43 N.J. Super. 367, 370 (App. Div. 1957), certification denied 23 N.J. 550 (1957); State v. Pearson, 39 N.J. Super. 50, 55-56 (App. Div. 1956); State v. McCarthy, 30 N.J. Super. 6, 9-10 (App. Div. 1954); State v. Jusiak, 16 N.J. Super. 177, 180 (App. Div. 1951); State v. Bacheller, 89 N.J.L. 433, 435 (Sup. Ct. 1916); State v. Jaggers, 71 N.J.L. 281, 283 (E. & A. 1904).
In State v. Fox, supra, 12 N.J. Super., at p. 135, Judge Bigelow said:
"Before the reorganization of our courts two years ago, a motion to direct a verdict was addressed to the discretion of the trial court. But if, at the conclusion of the State's case, the evidence was insufficient to make a case for the jury, the denial of a motion for a direction made at that time was considered to work manifest wrong or injury to the accused and to be ground for reversal. This was so, even though later in the case evidence was received sufficient to establish the appellant's guilt. Herein the rule was contrary to that followed in civil cases. State v. Pruser, 127 N.J.L. 97 (Sup. Ct. 1941). It was thought that if the civil rule were applied in criminal prosecutions, it would come perilously near compelling the accused to convict himself, since he must either forego making a defense on *429 the merits or else risk having isolated bits of his testimony used against him to cure the deficiencies in the State's case. State v. Bacheller, 89 N.J.L. 433 (Sup. Ct. 1916). The substitution of a motion for judgment of acquittal in the place of a motion for a directed verdict, pursuant to Rule 2:7-7, seems to be a change of name rather than of substance. The denial of the motion still raises a question on appeal that must be decided without regard to the evidence presented later in the trial."
In State v. Yedwab, supra, 43 N.J. Super., at p. 370, Judge (now Justice) Francis said:
"The clearest sequence for treatment of the various questions raised seems to be to take up first Yedwab's motion for a judgment of acquittal [made at the close of the State's case]. In doing so, regard must be had for the principle that when such a motion is made the propriety of its denial is reviewed on appeal solely on the state of proof as it affected him at the time the trial court was called upon to rule. The fact that the defendant later testified in his own behalf and in doing so strengthened the case of the prosecution, cannot be considered."
Cf. the observations of Judge Clapp in State v. O'Shea, 28 N.J. Super. 374, 378-379 (App. Div. 1953), affirmed 16 N.J. 1 (1954). In the Supreme Court opinion in O'Shea, Justice Brennan (16 N.J., at p. 4) said:
"We therefore have no occasion to consider, and expressly reserve, the question whether the conviction of a crime may be sustained if the accused, and not the State, completes the proof as to the venue of the crime." (Emphasis supplied)
However, in State v. Fiorello, 36 N.J. 80, at pp. 86-87, Justice Jacobs, speaking for a unanimous court, said:
"Our courts have held that the validity of the denial of a motion to acquit at the end of the State's case is to be tested in the light of the evidence at that time without reference to any corroborative evidence introduced during the defendant's case. See State v. Fox, 12 N.J. Super. 132, 135 (App. Div. 1951); State v. Pincus, 41 N.J. Super. 454, 458 (App. Div. 1956); cf. State v. O'Shea, 28 N.J. Super. 374, 378 (App. Div. 1953), affirmed, 16 N.J. 1 (1954). Although there are many cases elsewhere which have in effect reached a different result (see, e.g., United States v. Calderon, 348 *430 U.S. 160, 164, 75 S.Ct. 186, 99 L.Ed. 202, 207 (1954); United States v. Kenny, 236 F.2d 128, 131 (3 Cir. 1956), certiorari denied 352 U.S. 894, 77 S.Ct. 133, 1 L.Ed.2d 87 (1956); Annot., 17 A.L.R. 910, 925 (1922)), we may, for present purposes, assume the validity of the holdings in our courts, although we hasten to point out that under them the State is admittedly entitled to the benefit of all of its favorable testimony and the favorable inferences which a jury might reasonably draw therefrom."
While the foregoing pronouncement makes no change in our existing law on the subject under scrutiny, it recognizes that many jurisdictions (and we believe the majority of them) "have in effect reached a different result." Moreover, after citing authorities which are opposed to the principle followed in this State, the court's opinion in Fiorello pointedly states that "we may, for present purposes, assume the validity of the holdings in our courts." Specifically, the disposition of the issue in Fiorello did not require the court to do more than (a) note the existing principle which had been followed in this State for many years; (b) recognize the "different result" reached in many other jurisdictions, and (c) limit its adherence to the long standing New Jersey rule by assuming "its validity" for "present purposes."
We observe that, in addition to the decisions in other jurisdictions to which reference has herein been made, many other cases, dealing with the identical problem, have reached conclusions at variance with the rule to which the courts of our State have so long adhered. We particularly note the manner in which the federal courts have applied the Federal Rule of Criminal Procedure 29 (a), 18 U.S.C.A., which is the federal counterpart of our R.R. 3:7-6 (motion for judgment of acquittal). United States v. Goldstein, 168 F.2d 666, 669-670 (2 Cir. 1948); T'Kach v. United States, 242 F.2d 937, 938 (5 Cir. 1957); Gendron v. United States, 295 F.2d 897, 900 (8 Cir. 1961); Benchwick v. United States, 297 F.2d 330, 335 (9 Cir. 1961).
The foregoing decisions incorporate a theory of waiver, holding that the defendant who offers evidence on his own behalf following the denial of his motion for judgment of *431 acquittal elects not to rely upon that motion and by proceeding waives his right to benefit thereby. See also Gaunt v. United States, 184 F.2d 284, 290 (1 Cir. 1950), cert. denied 340 U.S. 917, 71 S.Ct. 350, 95 L.Ed. 662 (1951), rehearing denied 340 U.S. 939, 71 S.Ct. 488, 95 L.Ed. 678 (1951). For reference to similar pronouncements by courts in other jurisdictions see the annotation, "Directing Acquittal," 17 A.L.R. 910, at p. 925 et seq. (1922); 53 Am. Jur., Trial, § 426 (1956).
Finally we deem it important to refer again to State v. Pearson, supra, 39 N.J. Super., at pp. 55-56, in which, reviewing the trial court's denial of defendants' motion for a judgment of acquittal at the end of the State's case, this court considered defendants' argument that "the propriety of their motion must be determined solely on the basis of the proof at the close of the State's case" and that the decision of that issue must be made "without regard to any evidence presented later in the trial." Judge (now Justice) Francis in resolving that contention said (at p. 56):
"The doctrine has been criticized on the theory that when a defendant elects to go forward with his defense and his proof supplies the deficiency in the case of the prosecution, he should become bound by the condition of the record at the close of the entire trial. However, our courts seem to have espoused the theory of non-waiver for many years and we must regard the matter as settled. * * *"
After reviewing the history of the aforesaid principle and its application in this State over a span of many years, Judge Francis concluded as follows (at p. 57):
"Against such a background we consider it incumbent on this court to follow the doctrine of the cases."

IV.
We come to the disposition of the case at bar in light of the foregoing history of the principle involved. We specifically focus our attention on the course to be followed in the situation here present where we are convinced that, on the *432 proofs existing at the end of the State's case, the defendant's motion for a judgment of acquittal should have been allowed, and where we are just as firmly convinced that, at the end of the entire case, the proofs were such as to warrant the submission of the case to the jury for its decision.
In the desire of the courts of this State ever to be alert in achieving justice, it is not without significance that on three separate occasions (O'Shea, supra, Pearson, supra, and Fiorello, supra), allusion has been made to the fact that many other jurisdictions have renounced the aforesaid principle heretofore followed in this State. The cases last mentioned refer to the decisions in other jurisdictions which reject the requirement that the reviewing court, in assaying the propriety of the trial court's action denying a motion for a judgment of acquittal at the end of the State's case, is limited to an assessment of the state of proof at the time the trial court was called upon to rule, regardless of the evidence produced later in the trial.
The logic of the rule employed in the majority of the jurisdictions is, in our opinion, apparent. We approve the appoach to this subject expressed nearly a half century ago in the case of Commonwealth v. George, 42 Pa. Dist. Co. Ct. R. 643, 645 (Q.S. 1914), 17 A.L.R., supra, at p. 926, wherein the following statement appears:
"We are thus called upon to decide whether a just verdict must be set aside because the defendants out of their own mouths furnished the proof which the commonwealth had not been able to produce.
The modern growing aversion to technicalities in litigation when they do not advance but tend to circumvent justice strongly commands that the verdict shall be sustained. In civil trials it happens not infrequently that a plaintiff's case is strengthened, sometimes even made out in toto, by the defendant's evidence; * * *. We know of no reason why the defendant in a criminal court who is not content to leave the commonwealth's case where he finds it, should escape a just conviction simply because he has, unfortunately, for himself, completed the proof of his own guilt."
However, as an intermediate appellate tribunal, we adhere to the existing law of this State. Pearson, supra, 39 *433 N.J. Super., at p. 57. As has been said "in like situations, any departure from it should be undertaken by the court of last resort, and not by the Appellate Division." Casale v. Housing Authority of Newark, 42 N.J. Super 52, 62 (App. Div. 1956); Predham v. Holfester, 32 N.J. Super. 419, 428 (App. Div. 1954); In re Hartung's Estate, 52 N.J. Super. 508, 511 (App. Div. 1958); Fagan v. Newark, 78 N.J. Super. 294, 306-307 (App. Div. 1963).
As the proofs at the end of the State's case were not sufficient to withstand defendant's aforesaid motion, we conclude that under the existing law of this State the judgment of conviction must be reversed. However, we will not direct the entry of a judgment of acquittal. Following the practice outlined in State v. Turetsky, supra, 78 N.J. Super., at pp. 215, 218, we remand for a new trial. Cf. State v. Lamoreaux, 20 N.J. Super. 65 (App. Div. 1952); State v. Croland, 31 N.J. 380, 384 (1960).
The judgment of conviction is reversed and the matter is remanded for a new trial.