115 N.J. Super. 77 (1971)
278 A.2d 225
STATE IN THE INTEREST OF A.C.
STATE OF NEW JERSEY, COMPLAINANT-RESPONDENT,
v.
A.C., JUVENILE-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 5, 1971.
Decided June 3, 1971.
*79 Before Judges LEWIS, MATTHEWS and MINTZ.
Mr. William S. Gurkin, assigned attorney, argued the cause for appellant.
Mr. Elson P. Kendall, Assistant Prosecutor, argued the cause for respondent (Mr. Karl Asch, Union County Prosecutor, attorney; Mr. Arthur J. Timins, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by LEWIS, P.J.A.D.
A.C., a juvenile, appeals from an adjudication of delinquency in the Union County Juvenile and Domestic Relations Court, whereby he was committed to the "New Jersey Reformatory for Males"; the sentence was suspended and the youth was placed on probation. He now seeks a reversal of that adjudication on the grounds that (1) the automobile search, the seizure of the alleged marijuana and his arrest were unlawful; (2) the State failed to produce at the trial the best evidence, i.e., the marijuana itself, and (3) it was not proven that he was in the car for *80 an unlawful purpose so as to justify prosecution under the "Good Account" or Juvenile Delinquency Statutes.
The record reveals that on July 30, 1968, at about 3:07 A.M., Officers Pinho and Mulhearn of the Elizabeth Police Department were conducting a routine patrol in the vicinity of an area which Pinho described as a "very high crime area and * * * a very large narcotic area."
Pinho testified that as his patrol car was proceeding in a southerly direction on Fifth Street he noticed a car parked on Magnolia Avenue in which "one or two heads appeared to duck down as [they] rode past." The suspicion of the officers was aroused and they stopped to investigate the parked car, which was occupied by defendant A.C., his brother S.C., H.G. and Elwood Thomas. Except for the latter, all of the others were under 18 years of age. Defendant was at that time 16 years old. The doors of the parked vehicle were locked and the windows shut save for a partially opened right rear window. The car was owned by defendant's uncle.
When Officer Pinho approached the automobile he asked Thomas what they were doing there and he is said to have replied that they were just sitting in the car. According to defendant, all of the occupants replied, "We wasn't doin' nothin' but listen to the radio." Officer Pinho noticed that there was smoke in the car and that two of of the occupants, one of whom he recalled was Thomas, were smoking cigarettes. When he focused his flashlight in the rear of the automobile he observed a homemade cigarette, which he believed to be a marijuana reefer, on the rear seat between H.G. and Thomas. He also observed two manila envelopes  "the type of which marihuana is carried in"  on the rear floor. After the contents of the manila envelopes were examined, Pinho concluded that marijuana had been found. The occupants of the car were then placed under arrest for possession of that drug. At this juncture we note Pinho's testimony that he had received training in a police academy with respect to narcotics and marijuana and *81 that within the last two years he had made 40 to 50 arrests involving marijuana.
It is plain from the evidence that the items seized were properly transmitted by the officer to the chemist employed by the New Jersey State Police and that the samples analyzed were, in fact, marijuana. There is no substance to the argument that the chain of possession from the time Pinho seized the alleged marijuana to the date of trial was not adequately established. The proofs plainly reveal a proper chain of possession.
It has long been settled that objects in the plain view of a law enforcement officer, who has a right to be in the position to have that view, are subject to seizure and may be introduced into evidence. Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); State v. Bell, 55 N.J. 239, 248 (1970); State v. Hock, 54 N.J. 526, 533-535 (1969), cert. den. 399 U.S. 930, 90 S.Ct. 2254, 26 L.Ed. 2d 797 (1970); State v. DiRienzo, 53 N.J. 360, 385 (1969). The police actions in the instant circumstances did not constitute a search of the vehicle, but assuming that they did, the standard of the validity of such actions would be reasonableness and not certitude. See State v. Gosser, 50 N.J. 438, 447 (1967), cert. den. 390 U.S. 1035, 88 S.Ct. 1434, 20 L.Ed.2d 295 (1968); State v. Miller, 47 N.J. 273, 278 (1966). We find no demonstration of unreasonableness.
The argument that the "best evidence"  the marijuana itself  was not introduced is devoid of merit. The best evidence rule pertains to the proof of writings. 4 Wigmore, Evidence (3d ed. 1940), §§ 1173-1175 at 301-304; McCormick, Evidence § 195, at 408-409 (1954). Moreover, even if the seized marijuana, the real evidence, were the best evidence of marijuana possession, its destruction, in the instant circumstances, would not necessarily preclude the introduction of other "secondary" evidence. See In re Rasnick, 77 N.J. Super. 380, 387 (Cty. Ct. 1962). Defendant's contention ignores Pinho's personal observations, the findings *82 of the State's chemist, and the testimony of witnesses who identified the marijuana.
Finally, defendant urges that the State failed to prove that he was engaged in or intended to engage in an unlawful activity and that he cannot properly be convicted under either of the statutes alleged to have been violated.
The complaint charged that A.C. and his two juvenile companions were delinquent children under N.J.S.A. 2A:4-14 in that they failed to give a good account of themselves, in violation of N.J.S.A. 2A:170-1, because they were in a motor vehicle with an adult person "when Police confiscated two bags of alleged marijuana and 1 homemade marijuana cigarette," which conduct was "detrimental to the health, morals and general welfare of the juveniles," citing. N.J.S.A. 2A:4-14(2)(m). The statutory references in pertinent part provide:
Any person who is apprehended and cannot give a good account of himself, or who is engaged in an illegal occupation and who is in this state for an unlawful purpose, is a disorderly person. In any prosecution under this section the fact that the person apprehended cannot give a good account of himself or is engaged in an illegal occupation is prima facie evidence that he is present in this state for an unlawful purpose. * * * [N.J.S.A. 2A:170-1]
Except as stated in section 2A:4-15 of this Title, the juvenile and domestic relations court shall have exclusive jurisdiction to hear and determine all cases of juvenile delinquency.
Juvenile delinquency is hereby defined as the commission by a child under 18 years of age.

* * * * * * * *
(2) of the following acts:

* * * * * * * *
(m) Deportment endangering the morals, health or general welfare of said child. [N.J.S.A. 2A:4-14]
In State v. Zito, 54 N.J. 206, 219 (1969), N.J.S.A. 2A:170-1 was held not to be void for vagueness, but the "good account" provision was construed to require the arresting officer to offer the accused an opportunity to explain. However, the last sentence of the provision to the effect that the absence of a good account shall be evidence of presence *83 of an unlawful purpose was declared invalid. The court then added: "We stress that an arrest cannot be made because a person refused or failed to give a good account. An arrest can be made only if in the total circumstances there is probable cause to believe the individual was present at the place for an unlawful purpose, i.e., to commit a crime or a petty offense." (At 219-220).
Subsequently, this statute was challenged in the federal courts in an action to declare it unconstitutional and to enjoin its enforcement, with particular reference to prosecutions then pending under the statute. Note Karp v. Collins, 310 F. Supp. 627 (D.N.J. 1970), wherein a three-judge district court, constituted pursuant to 28 U.S.C.A. §§ 2281, 2284 to consider the constitutionality issue, concluded:
* * * The present statute, despite the limited operation to which the Supreme Court of New Jersey has restricted it, remains too vague and fails to define with constitutional definiteness when one crosses the boundary between thought and criminal conduct.[*] It fails to provide adequate standards to insure a fair administration of the law.* * * * [310 F. Supp. at 634]
On appeal to the United States Supreme Court, the judgment of the District Court was vacated on March 1, 1971 and the case was remanded for further consideration in light of the court's recent decisions in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) and Fernandez v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971), which dealt with the doctrine of federal nonintervention in pending state prosecutions. Kugler v. Karp, 401 U.S. 930, 91 S.Ct. 933, 28 L.Ed.2d 210 (1971).
Accordingly, the existing law of this State remains as enunciated in State v. Zito, supra. State v. Young, 57 N.J. 240, 260-264 (1970), cert. den. 402 U.S. 929, 91 S. *84 Ct. 1527, 28 L.Ed.2d 863 (1971). As an intermediate appellate tribunal, we adhere to the decision of our Supreme Court in those cases. Any departure should be undertaken "by the court of last resort, and not by the Appellate Division." Casale v. Housing Authority, City of Newark, 42 N.J. Super. 52, 62 (App. Div. 1956). Accord, Silagy v. State, 105 N.J. Super. 507 (App. Div.), certif. den. 54 N.J. 506 (1969); State v. Moffa, 79 N.J. Super. 425, 432-433 (App. Div. 1963), rev'd o.g. 42 N.J. 258 (1964).
We return now to the instant matter. Although Officer Pinho was never asked to testify whether defendant was called upon to give an account for his presence in the parked car, the record is clear that he gave an account to the extent that he stated, "We wasn't doin' nothin' but listen to the radio." In any event, defendant's arrest and adjudication of delinquency were based upon factors other than what he said or failed to say. The evidence could support at least one of two inferences  (a) that the juvenile was in the car possessing and smoking marijuana, or (b) if not, that he was in the car associating with others who were smoking marijuana. Either inference is sufficient to support a finding of guilt under N.J.S.A. 2A:4-14(2)(m). There was ample evidence from which unlawful purpose may have been inferred. Since the adjudication rested upon competent testimony and was not against the weight of the evidence, it should remain undisturbed. See State v. Johnson, 42 N.J. 146, 161-162 (1964), and State v. Welsch, 29 N.J. 152, 156 (1959).
The order under review is affirmed.
NOTES
[*] Footnotes are omitted.